IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLEN and JOY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  2:04cv857-F |
| | )                    (WO) |
| TRAWICK CONSTRUCTION CO., INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R ON MOTION**

Upon consideration of the plaintiffs' motion for order to require defendant Trawick to disclose insurance information (doc. # 25) and the plaintiffs' motion to compel renewed motion to compel discovery responses from defendant Trawick (doc. # 26), it is

ORDERED as follows:

1.  That the motion to require disclosure of insurance information be and is hereby GRANTED and that pursuant to FED.R.CIV.P. 26(a)(1)(D), the defendant on or before August 10, 2005, produce "for inspection and copying . . . any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

2.  That the motion to compel discovery responses (doc. # 26) be and is hereby GRANTED subject to the limitation provided in this order.  The plaintiff seeks

information about other incidents in which the defendant has damaged utility lines or injured property. The defendant argues that evidence of this character is inadmissible to prove negligence. *See* FED. R. EVID. 404(b). However, inadmissibility is not the test for whether information is subject to discovery. Discovery is permissible if it is relevant to a claim or defense and "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Thus, the evidence sought is discoverable. However, the court does agree with the defendant that the scope of the request is too broad and should be limited to incidents involving the same personnel who were engaged in the directional boring which damaged the sewer line involved in this case. It is further

ORDERED that the defendant shall respond to the other incidents discovery requests on or before August 10, 2005.

Done this 27th day of July, 2005.

                                                       /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE